CHRISTIAN F. G. MEYERS AND OTHERS, APPELLANTS, *v.* FRANCES E. HERBERT, RESPONDENT.

*Supplementary proceedings — disobeying an injunction — abandonment of proceedings presumed from lapse of time.*

In October, 1887, the plaintiffs, who had recovered a judgment, obtained the usual order for the examination in supplementary proceedings of the judgment-debtor, which order contained the usual injunction against the debtor's disposing of her property. The examination was postponed until November, 1887, and was then indefinitely postponed.

In April, 1891, the plaintiffs obtained a new order for the debtor's examination. It appeared that shortly before the new order was obtained the debtor had disposed of her jewelry to her mother for moneys advanced, which were necessary to her support.

*Held,* that the debtor was not guilty of a contempt of the first injunction order.

That after the lapse of more than three years that proceeding must be deemed to have been abandoned.

APPEAL by the plaintiffs, Christian. F. G. Meyers, John F. W. Meyers, Edward P. Williams, Edward W. Sinclair, Frederick G Meyers, Theodore F. Meyers and Gustav G. Meyers, from an order of the Supreme Court, entered in the office of the clerk of Kings county on the 31st day of October, 1891, denying their motion that the defendant be adjudged to be guilty of contempt.

*M. Cleiland Milnor,* for the appellants.

*Carrington & Emerson,* for the respondent.

BARNARD, P. J. :

The judgment in this case was obtained in February, 1887. In October, 1887, the defendant was examined under proceedings supplementary to execution. Her examination was completed on the 2d of November, 1887. An adjournment was taken to November 12, 1887, for the examination of witnesses. On that day the judgment-creditors (plaintiffs) obtained a further postponement to a future day in November 1887, which was not fixed. The supplemental order contained the usual injunction against a disposition of her property by the judgment-debtor. After the 12th of November, 1887, there was no further hearing under the order of 1887. In April, 1891, the plaintiffs obtained a new order for the examination

of the judgment-debtor. It appeared that the debtor had disposed of certain property she had at the examination of 1887, to her mother for value; the consideration being money advanced by defendant's mother to her to a greater amount than the value of the property sold, being the jewelry of the defendant. The transfer was made April 1, 1891, after the defendant was informed that the plaintiffs claimed that Judge PRATT's order was still in force and before the new order was obtained from Judge CULLEN. There was no contempt of Judge PRATT's order proven. The plaintiff's never applied for a receiver or for an order for the delivery of the property to the creditor. Some three and a half years had elapsed since the close of the examination. When informed by the plaintiff's attorneys that they claimed Judge PRATT's order against assignment of property was still in force, the defendant consulted a lawyer of high character for learning and was informed that the proceedings were abandoned and that the injunction order terminated with the abandonment. The defendant had no lawyer to represent her on the examination under Judge PRATT's order. The failure for so long a time to reinstate the hearing or to apply for a receiver must be deemed an abandonment of the proceedings. The property consisted, as we have seen, of the personal ornaments of the defendant. Soon after the examination her husband abandoned her and she became destitute and dependent upon her mother. It was not a contempt, under the circumstances, for her to sell her jewelry after the proceedings had been so long dormant.

The order should be affirmed, with costs.

DYKMAN, J., concurred.

Order affirmed, with costs and disbursements.